James A. Saville, Jr.
HILL RIVKINS LLP
Attorneys for Plaintiff


45 Broadway, Suite 1500
New York, New York
(212) 669-0600


**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - *X*
CTG INTERNATIONAL (NORTH AMERICA) INC.  :
                                      :
                                      :  Docket No. 15 cv _____ (    )
              Plaintiff,            :

           *- Against -*             :                **COMPLAINT**

UNIPAC SHIPPING, INC. and         :
GIM TRANSPORT, INC.             :
                                        :
             Defendants.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -*X*

       Plaintiff, CTG International (North America) Inc., by and through its attorneys Hill Rivkins

LLP, as and for its complaint against the above-named defendants alleges upon information and

belief as follows:

**PARTIES**

       1.      At and during all times hereinafter mentioned, plaintiff CTG International (North

America) Inc. ("CTG") was and now is a corporation organized and existing under Indiana law

with an office and principal place of business at 1268 E. Edna Place, Covina, CA and was and now

is the owner of the shipment which is the subject of this complaint.

       2.      At and during all times hereinafter mentioned, defendant Unipac Shipping, Inc.

("Unipac") was and now is a  corporation with an office and principal place of business at 182-16

147th Avenue, Jamaica, New York 11413 and was and now is engaged in business as a common carrier of goods for hire.

3.      At and during all times hereinafter mentioned, defendant GIM Transport, Inc. ("GIM") was and now is a corporation organized and existing under Illinois law with an office and principal place of business at 922 Gael Drive, Joliet, Illinois 60435and was and now is engaged in business as a common carrier of goods for hire.

## JURISDICTION

4.      This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333 in that this claim is an admiralty and maritime claim within the meaning of Rule 9(h) of the federal Rules of Civil procedure.   Alternatively, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1337 in that this claim also arises from the interstate transport of goods and the amount in controversy exceeds $10,000 exclusive of interest and costs.

## THE CLAIM

5.      In or about November 2014, there was delivered to Defendants a shipment of 668 packages of fiberglass in good order and condition and suitable in every respect for the subject transportation which Defendants received, accepted and agreed to transport for certain consideration from Qingdao, Shandong to the United States pursuant to bill of lading QDA14110071.

6.      Defendants failed to re-deliver the subject shipment in the same good order and condition as when it was received.

7.      By reason of the premises, Defendants breached and violated their duties and obligations as common carriers and bailees of the cargo, were negligent and careless in their

2

handling of the subject shipment and were otherwise at fault.

8.      Plaintiff was the shipper, owner, consignee and/or insurer of the subject shipment and brings this action on their own behalf and on behalf of all parties who are or may become interested in the subject shipment, as their respective interests may ultimately appears, and Plaintiff is entitled to maintain this action.

9.      Plaintiff has performed all duties and obligations on its part to be performed.

10.     By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $35,321.48, plus interest, costs and attorneys' fees.

*W H E R E F O R E,*   Plaintiff prays:

1.   That process in due form of law according to the practice of this Court may issue against the Defendants.

2.   That if the Defendants cannot be found within this District, that all of their property within this District be attached in the sum set forth in this Complaint, with interest and costs.

3.   That a decree may be entered in favor of Plaintiff against in the amount of Plaintiff's damages, together with pre-judgment interest, costs and attorneys' fees.

4.   Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.

Dated: New York, New York
       December 30, 2015

HILL RIVKINS LLP
Attorneys for Plaintiff

By: /s/ James A. Saville, Jr.
    James A. Saville, Jr.

45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600
jsaville@hillrivkins.com